## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL RIEDEMAN, | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:06cv0097 AS |
| | ) | |
| ANDREW PAZERA, | ) | |
| **Acting Superintendent,** | ) | |
| | ) | |
| **Respondent** | ) | |

### *MEMORANDUM, OPINION AND ORDER*

On or about February 7, 2006, *pro se* petitioner, Michael Riedeman, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 7, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on September 26, 2006, which this Court has carefully examined. The Attorney General has placed before this Court a series of documents designated A through M, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding entitled cause number WCC 05-11-0075 in and around November 2005. The recommended sanctions were disciplinary segregation which does not implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Also, the sanction recommended was a demotion from credit class I to credit class II

which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). The administrative reviews under Indiana law have been followed. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). The administrative proceedings appear to comply with the mandates of *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992).

It needs to be remembered that the focus is not on violations of state law per se. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, the ADP is a species of state law in this regard. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). This court certainly recognizes that the equal protection clause remains a part of the Fourteenth Amendment of the Constitution of the United States. *See Loving v. Virginia*, 388 U.S. 1 (1967). Apparently, this petitioner is Latino. This court has taken the trouble to examine the confidential file here and is mindful of the mandates of *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986).

Giving close attention to the claims made by this petitioner, and looking at the details of the record, this petitioner has not made a showing of entitlement to relief under 28 U.S.C. §2254. Such is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** October 6, 2006

         **S/ ALLEN SHARP**
         **ALLEN SHARP, JUDGE**
         **UNITED STATES DISTRICT COURT**